UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| **KIMBERLY MCCLANAHAN** | : | CASE NO. |
| 1101 14th Street | : | |
| Waynesboro, VA 22980 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **PATHWAYS INC.** | : | **COMPLAINT WITH JURY DEMAND** |
| C/O William F. Bottoms | : | **ENDORSED HEREON** |
| 1212 Bath Avenue, 8th Floor | : | |
| Ashland, KY 41105-0790 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Kimberly McClanahan ("Plaintiff) was a resident and citizen of the Commonwealth of Kentucky at all relevant times.

2. Defendant Pathways Inc., ("Defendant") is a domestic company incorporated in Kentucky.

3. Defendant is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the issues giving rise to this Complaint arise under the laws of the United States.

5. Plaintiff's Counts II and IV arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq and § 623.

6. Plaintiff's Counts VI and VIII arise under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 1231 *et seq.*

7. This Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 on the grounds that Plaintiff's state claims are so related to her federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, and pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located in this judicial district.

9. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She filed that charge on May 6, 2020 less than 180 days after the adverse employment action in March 2020.

10. The EEOC did not rule that her charge was untimely.

11. Plaintiff received a Notice of Right to Sue from the EEOC dated November 3, 2020.

12. Plaintiff has met all procedural prerequisites for her claims and is filing this Complaint within 90 days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a 63-year-old female with a real and/or perceived disability.

14. Plaintiff's employment with Defendant began on August 1, 2008.

15. Plaintiff and Defendant had a written employment agreement which is attached as Exhibit A.

16. Plaintiff held the position of Chief Executive Officer ("CEO") and was fully qualified for this position at all relevant times.

17. Plaintiff received merit raises, bonuses in recognition of her service, and positive evaluations.

18. In 2019, Plaintiff began to receive treatment for a recurrence of breast cancer.

19. Plaintiff continued to be fully qualified for her position despite her disability and treatment.

20. On March 20, 2020, Kevin Harrison, President of Defendant's Board of Directors, informed Plaintiff that she would be "let go" because the Board of Directors had decided to go in a different direction.

21. On March 25, 2020, Defendant announced that Jennifer Willis had been appointed the Interim Chief Executive Officer.

22. Willis is significantly younger than Plaintiff and has no known record of disability.

23. Plaintiff retained counsel and advised Defendant of such. On March 24, 2020, William F. Bottoms, General Counsel Director of Human Resources acknowledged he understood Plaintiff has retained counsel.

24. On March 24, 2020, Defendant sent Plaintiff a letter stating "This communication is intended to memorialize our conversation of March 20, 2020 in which you were provided notice of the Board's intention not to renew your contract upon its expiration on June 30, 2020. You were informed that you would receive the compensation specified pursuant to your contract until its expiration, your salary and benefits were not terminated." Defendant stated it would continue to provide Plaintiff her salary and benefits until the contract's expiration date.

25. On March 27, 2020 Plaintiff engaged in protective activity by raising concerns of age and disability discrimination.

26. Plaintiff also advised Defendant she believed her employment agreement had been breached and severance was owed.

27. The employment agreement required Plaintiff to be paid 18 months Base Salary at the level of Base Salary in effect as of the date of termination if terminated between January 1, 2018 and December 31, 2020 if terminated without 60 days prior written notice and without cause. The contract also required Defendant to continue to provide group medical, dental and vison insurance for the Plaintiff and her spouse for a period not to exceed two years.

28. On April 3, 2020, Defendant informed Plaintiff that "The Board of Directors of Pathways has now determined that Dr. McClanahan's employment is hereby terminated with cause pursuant to her employment agreement."

29. Defendant failed to pay Plaintiff beyond April 30, 2020 in violation of the terms of the employment agreement.

## COUNT I

**(Breach of Contract)**

30. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

31. The parties entered into an employment agreement on September 28, 2015 for a term of employment through June 30, 2020.

32. Defendant terminated Plaintiff on March 20, 2020.

33. The contract further requires that "The parties agree to engage in good faith negotiations, beginning in early 2020, to reach an agreement by May 30, 2020 as to whether and under what terms and conditions to extend the term of this Agreement."

34. Harrison's telephone call to Plaintiff on March 20, 2020 failed to meet Defendant's contractual obligation regarding the renewal or non-renewal of the contract.

Case: 0:21-cv-00018-HRW Doc #: 1 Filed: 02/01/21 Page: 5 of 12 - Page ID#: 5

35. Section 3(b)(iv) of the contract requires Defendant to provide sixty days prior written notice to Plaintiff to terminate without cause.

36. The contract also states that "In the event this Agreement and the Executive's employment hereunder are terminated by Pathways upon not less than sixty (60) days' prior written notice to the Executive pursuant to Section 3(b)(iv) above, Pathways shall provide all payments and benefits to the Executive pursuant to Section 2 above which have been earned but have not been provided through the date of termination."

37. A termination without cause between January 1, 2018 and December 31, 2020 requires Defendant to pay Plaintiff 18 months of Base Salary at the level of Base Salary in effect as of the date of termination; the amount of the prior year's Performance Bonus or 7.5% of the Base Salary in effect as of the date of termination, whichever is greater; and all of the benefit set forth in Section 2 during the period of Severance pay is paid out to the Executive. Section 2(e) of the agreement requires Defendant to provide group medical, dental, and vision insurance for the Executive and Spouse after termination for a period not to exceed two years.

38. Defendant did not have cause to terminate Plaintiff's employment.

39. Defendant did not pay severance and benefits as required by the employment agreement.

40. Defendant's conduct is in breach of the employment agreement between it and Plaintiff.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

5

## COUNT II

**(Age Discrimination – ADEA)**

42. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43. Plaintiff is 63 years old.

44. Plaintiff was a loyal and dedicated employee and was fully qualified for her position at all relevant times.

45. Defendant abruptly terminated Plaintiff on March 20, 2020.

46. Defendant replaced Plaintiff with a significantly younger, less qualified employee.

47. Defendant intentionally discriminated against Plaintiff on the basis of her age by, including but not limited to, terminating her employment on account of her age in violation of the ADEA.

48. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

## COUNT III

**(Age Discrimination- K.R.S. 344.010)**

50. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51. Plaintiff is 63 years old.

52. Plaintiff was a loyal and dedicated employee and fully qualified for her position at all relevant times.

53. Defendant abruptly terminated Plaintiff on March 20, 2020.

54. Defendant replaced Plaintiff with a significantly younger, less qualified employee.

55. Defendant intentionally discriminated against Plaintiff on the basis of her age by, including but not limited to, terminating her employment on account of her age in violation of K.R.S. 344.

56. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

## COUNT IV

### (Retaliation – ADEA)

58. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

59. Defendant abruptly terminated Plaintiff on March 20, 2020.

60. Prior to Plaintiff's protective activity, Defendant assured Plaintiff she would be paid salary and benefits to June 30, 2020.

61. Plaintiff engaged in protective activity, raising concerns of age discrimination to Defendant on March 27, 2020.

62. On April 3, 2020, Defendant informed Plaintiff that she was now considered to be terminated for cause and that it would cease pay and benefits on April 30, 2020.

63. Defendant intentionally retaliated against Plaintiff, after Plaintiff engaged in protective activity and complained of age discrimination.

64. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

## COUNT V

### (Retaliation – K.R.S. 344.280)

66. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

67. Defendant abruptly terminated Plaintiff on March 20, 2020.

68. Prior to Plaintiff's protective activity, Defendant assured Plaintiff she would be paid her salary and benefits to June 30, 2020.

69. Plaintiff engaged in protective activity, raising concerns of age discrimination to Defendant on March 27, 2020.

70. On April 3, 2020, Defendant informed Plaintiff that she was now considered to be terminated for cause and that it would cease pay and benefits on April 30, 2020.

71. Defendant intentionally retaliated against Plaintiff, after Plaintiff engaged in protective activity and complained of age discrimination.

72. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

## COUNT VI

### (Disability Discrimination – ADA)

74. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

75. Plaintiff has a disability as defined by the Americans with Disabilities Act.

76. Plaintiff was fully qualified for her position at all times.

77. Defendant terminated Plaintiff on March 20, 2020.

78. Defendant replaced Plaintiff with an employee with no known history of disability.

79. Defendant intentionally discriminated against Plaintiff on the basis of her disability by, including but not limited to, terminating her employment on account of her disability in violation of the ADA.

## COUNT VII

### (Disability Discrimination – K.R.S. 344)

80. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

81. Plaintiff has a disability as defined by K.R.S. 344.

82. Plaintiff was fully qualified for her position at all times.

83. Defendant terminated Plaintiff on March 20, 2020.

84. Defendant replaced Plaintiff with an employee with no known history of disability.

85. Defendant intentionally discriminated against Plaintiff on the basis of her disability by, including but not limited to, terminating her employment on account of her disability in violation of K.R.S. 344.

## COUNT VIII

### (Retaliation – ADA)

86. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

87. Defendant abruptly terminated Plaintiff on March 20, 2020.

88. Prior to Plaintiff's protective activity, Defendant assured Plaintiff she would be paid salary and benefits to June 30, 2020.

89. Defendant engaged in protective activity, raising concerns of age discrimination to Defendant on March 27, 2020.

90. On April 3, 2020, Defendant informed Plaintiff that she was considered to be terminated for cause and that it would cease pay and benefits on April 30, 2020.

91. Defendant intentionally retaliated against Plaintiff, after Plaintiff expressed concerns of disability discrimination.

92. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

93. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

## COUNT IX

### (Retaliation – K.R.S. 344.280)

94. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

95. Defendant abruptly terminated Plaintiff on March 20, 2020.

96. Prior to Plaintiff's protected activity, Defendant assured Plaintiff she would be paid salary and benefits to June 30, 2020.

97. Plaintiff engaged in protected activity, raising concerns of disability discrimination on March 27, 2020.

98. On April 3, 2020, Defendant informed Plaintiff that she was now considered to be terminated for cause and that it would cease pay and benefits on April 30, 2020.

99. Defendant intentionally retaliated against Plaintiff, after Plaintiff engaged in protected activity and complained of disability discrimination.

100. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

101. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to judgement and compensation.

**WHEREFORE,** Plaintiff Kimberly McClanahan demands judgment against Defendant Pathways Inc., as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded all lost pay and benefits;

(c) That Plaintiff be awarded compensatory damages;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

(h) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (86727)
Trial Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, Ninth Floor
Cincinnati, OH 45202
513-721-1975 / Fax: 513-651-2570
*KMyers@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Kelly Mulloy Myers